An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON HALPERN, AN INDIVIDUAL;
AND JLH VEGAS, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
Appellants,
vs.
EDGE GROUP, LLC, F/K/A B STREET
PARTNERS II, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 57489

FILED

MAR 21 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court judgment following a bench trial in an indemnification action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Jason Halpern and JLH Vegas, LLC (collectively, Halpern) and respondent Edge Group, LLC entered into a joint venture to develop a Starwood brand "W" hotel and casino (the Project) in Las Vegas. Halpern, along with several other business partners, signed a Memorandum of Understanding (MOU) with Edge to move forward with the development of the hotel. Prior to entering into the MOU with Edge, Halpern and his partners entered into a separate MOU with another investor, Brian Roche and his company, Roche Group. Before funding the Project, Roche Group withdrew from the deal and ended its business relationship with Halpern.

Following several months of negotiations, Halpern and Edge failed to reach a final agreement with respect to the development of the Project and agreed to end their joint venture. Subsequently, the parties executed a settlement agreement. Edge alleges that the settlement agreement contained an indemnification clause in which Halpern and his

13-08501

partners agreed to fully indemnify Edge against any and all future claims brought by Roche or his company.

Less than a year later, Roche filed suit in California state court against Edge claiming that it intentionally and negligently interfered with Roche's business dealings and prospective profits, with alleged damages in the billion-dollar range. Following several years of litigation, Edge and Roche reached a $550,000 settlement.

A year later, Edge brought an indemnification suit in Nevada against Halpern to recover the amount of the settlement paid to Roche Group, as well as the attorney fees and costs incurred in litigating the matter. Throughout the course of litigation in the district court, Halpern contended that the indemnity clause in the settlement agreement was not meant to indemnify against Edge's negligence. Following protracted discovery and litigation, the district court granted summary judgment in favor of Edge on the issues of Halpern's duty to indemnify Edge and its liability to Edge for the full amount of the settlement. At the subsequent trial solely on the issue of attorney fees, the district court found Halpern jointly and severally liable to Edge for almost $1.9 million that it had expended in defending itself in the Roche action. Following entry of the district court's judgment, Edge successfully moved for, and was awarded, attorney fees, costs, and interest accrued following the rejection of its offer of judgment. Halpern now appeals from the district court's orders.

The primary issue on appeal is whether the district court erred in determining that the indemnity provision in the settlement agreement required Halpern to indemnify Edge against the Roche action and therefore entitled Edge to summary judgment on the issue of liability. As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

(O) 1947A



<u>The district court erred in granting Edge summary judgment</u>

The district court granted summary judgment as to the issue of Halpern's liability under the indemnity provision in the parties' settlement agreement. It determined that, under the terms of the provision, Halpern owed Edge indemnification for sums it expended in defending the Roche action.

Halpern argues that the district court erred when it determined that Halpern owed Edge indemnity for the amount paid in litigating and settling the Roche action. Specifically, Halpern argues that because the provision did not expressly indemnify Edge for its own negligence, the indemnification provision is inapplicable in this case because Edge was sued for its own wrongdoing. Edge maintains that the indemnification provision and the intent of the parties in entering into this agreement specifically contemplated the type of claims that Roche brought.

<u>Standard of review</u>

We review de novo an order granting summary judgment. <u>Wood v. Safeway, Inc.</u>, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate under NRCP 56 when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." <u>Id.</u> at 731, 121 P.3d at 1031. Thus, summary judgment in a contract action "is appropriate when a contract is clear and unambiguous, meaning that the contract is not reasonably susceptible to more than one interpretation." <u>University of Nevada, Reno v. Stacey</u>, 116 Nev. 428, 431, 997 P.2d 812, 814 (2000). Because the interpretation of an unambiguous contract is a question of law, <u>Anvui, LLC v. G.L. Dragon,</u>

LLC, 123 Nev. 212, 215, 163 P.3d 405, 407 (2007), it may appropriately be determined on summary judgment.

Generally, "when a contract is clear on its face, it will be construed from the written language and enforced as written." Canfora v. Coast Hotels & Casinos, Inc., 121 Nev. 771, 776, 121 P.3d 599, 603 (2005) (internal quotations omitted). We have stated that "indemnification 'provisions are strictly construed and will not be held to provide indemnification unless it is so stated in clear and unequivocal terms.'" George L. Brown Ins. v. Star Ins. Co., 126 Nev. ___, ___, 237 P.3d 92, 97 (2010) (quoting GKN Co. v. Starnes Trucking, Inc., 798 N.E.2d 548, 552 (Ind. Ct. App. 2003)).

### Contractual indemnity

Generally, "an indemnitor's duty to defend an indemnitee . . . does not include defending against claims arising from . . . the indemnitee's own negligence." Reyburn Lawn v. Plaster Development Co., 127 Nev. ___, ___, 255 P.3d 268, 278 (2011). However, courts have begun to allow for this type of indemnification only if it is expressly stated in the indemnification agreement. United States v. Seckinger, 397 U.S. 203, 211-12 (1970); accord Reyburn Lawn, 127 Nev. at ___, 255 P.3d at 275; Brown, 126 Nev. at ___, 237 P.3d at 97.

In our most recent decisions dealing with indemnity provisions, we concluded that "indemnification for any form of the indemnitee's own negligence must be explicitly and unequivocally expressed in the contract."[1] Reyburn, 127 Nev. at ___, 255 P.3d at 275; see

---

[1]Edge contends that if this court determines that Brown and Reyburn apply, Reyburn should not be retroactively applied to this case. Although the district court was able to consider the merits of Brown before granting Edge its motion for summary judgment, Reyburn was decided
*continued on next page...*

also <u>Brown</u>, 126 Nev. at \_\_\_, 237 P.3d at 97. In <u>Brown</u>, George L. Brown Insurance agreed to indemnify Star against "any and all damages." 126 Nev. at \_\_\_, 237 P.3d at 94. In <u>Reyburn</u>, the parties had a similar provision in their contract, except that the provision specifically stated that Reyburn, the subcontractor, would indemnify Plaster, the contractor, against any and all claims except those which arose from Plaster's "sole negligence or sole willful misconduct." 127 Nev. at \_\_\_, 255 P.3d at 272.

<u>Reyburn</u> extended the rule provided in <u>Brown</u> that parties may indemnify one another for a party's negligence, but such intent must be expressly stated and clear from the face of the document. 127 Nev. at \_\_\_, 255 P.3d at 275. <u>Reyburn</u> stated that "indemnification for any form of the indemnitee's own negligence must be explicitly and unequivocally expressed in the contract." <u>Id.</u> Further, pursuant to <u>Reyburn</u>, even the intent to indemnify against negligence must be expressly stated in the indemnity provision, and a general statement to indemnify against "any and all" claims is not enough. <u>Id.</u> Our positions in <u>Reyburn</u> and <u>Brown</u> are similarly applicable to the indemnity provision in this case.

---

*...continued*

while the instant appeal was pending before this court. We may apply a case retroactively but we must "'weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.'" <u>Breithaupt v. USAA Property and Casualty</u>, 110 Nev. 31, 35, 867 P.2d 402, 405 (1994) (quoting <u>Chevron Oil Co. v. Huson</u>, 404 U.S. 97, 106-07 (1971)). <u>Reyburn</u> simply extended the holding in <u>Brown</u> and acts as a clarification and an extension of a previous decision. Therefore, its application would further the application of the rule originally set forth in <u>Brown</u> and would not inequitably affect Edge's claims. Additionally, because the instant matter was pending in this court when <u>Reyburn</u> was decided, <u>Reyburn</u> applies. 21 C.J.S. <u>Courts</u> § 204 (2006) ("A court decision generally applies retrospectively to cases pending on direct review.").

Here, the indemnity provision requires Halpern to indemnify Edge "against any and all claims, . . . arising from any claims made by Jeffers Mangels Butler & Marmarro LLP, Alec Glasser, Brian Roche, [and] Roche Group LLC." Halpern relies on <u>Brown</u> and <u>Reyburn</u> to argue that this indemnity provision is not sufficiently explicit to provide indemnification for Edge's negligence. Halpern contends that the indemnity provision in its settlement agreement with Edge is of the same broad and general nature as the provisions that this court concluded, in <u>Brown</u> and <u>Reyburn</u>, were insufficient without an explicit statement of intent to indemnify an indemnitee against its own negligence. We agree and conclude that the indemnity provision here does not explicitly state Halpern's intent to indemnify Edge for its own wrongdoing.

The language of the indemnity provision fails to explicitly and unequivocally state that Halpern would indemnify Edge for its intentional or negligent wrongdoing. Because we are required to interpret unambiguous indemnity provisions strictly, <u>Brown</u>, 126 Nev. at ___, 237 P.3d at 97, and by giving them their plain meaning, <u>Canfora</u>, 121 Nev. at 776, 121 P.3d at 603, we conclude that the indemnity provision in this case fails to satisfy our pronouncements in <u>Reyburn</u> and <u>Brown</u>. Although, as Edge notes, the provision in this case listed the specific parties that could foreseeably bring claims, no mention was made of the types of claims that would be subject to indemnification. Furthermore, we are required to ascertain the intent to indemnify from the four corners of the document, and no such intent is clear. <u>See</u> <u>Reyburn</u>, 127 Nev. at ___, 255 P.3d at 274. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2,3]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

[2]Because we reverse the district court's order granting summary judgment, we must necessarily reverse the district court's award of attorney fees paid in litigating and settling the Roche action, as well as the attorney fees, costs, and interest awarded pursuant to the offer of judgment rule. See Western Tech. v. All-Am. Golf Ctr., 122 Nev. 869, 876, 139 P.3d 858, 862 (2006) (vacating attorney fees award where damages award was reversed and remanded for recalculation). Furthermore, as a result of our reversal of the district court's order granting summary judgment, we need not address Halpern's remaining issues on appeal.

[3]The Honorable Ron D. Parraguirre, Justice, voluntarily recused himself from participation in the decision of this matter.

cc:   Hon. Elissa F. Cadish, District Judge
Nathaniel J. Reed, Settlement Judge
Kemp, Jones & Coulthard, LLP
The Law Offices of Paras B. Barnett, PLLC
William R. Fried
Gordon & Rees, LLP
Tim Bates, Esq.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A